ment first to the assignor, and that the bank was fully protected in such payment, notwithstanding the receipt of notice of the assignment.

Nor can the plaintiff recover herein upon his attorney's lien. The manifest object of the agreement was to "preserve" such lien, and the plaintiff doubtless supposed it would have that effect, and that his lien as attorney would, by virtue of its provisions, survive the contemplated substitution. As the agreement permitted and justified payment by the defendants directly to his client, the lien referred to in the fifth clause must be assumed to be the lien referred to in the recitals, viz., the attorney's lien upon the claim or cause of action and upon the moneys, settlements, or recoveries thereon. The intention was to preserve an existing lien, rather than to create a new one. This was certainly the plaintiff's understanding, for after the settlement he applied to the supreme court, upon notice to the defendants, for an order requiring them to pay to him the sum of $4,500 as the amount of his lien upon the settlement and proceeds, in a verified petition, in which he referred to the agreement as one which continued his attorney's lien. His application was denied upon the ground that the consent for substitution terminated his attorney's lien. No appeal was taken from this decision, and it must be regarded as having the force of an adjudication as between the parties to this action. Williams v. Barkley, 165 N. Y. 48, 54, 58 N. E. 765. The judgment should be affirmed.

Judgment affirmed, with costs. All concur.

---

(75 App. Div. 295.)

### SIDMONDS v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. October 10, 1902.)

1. New Trial—Practice—Settlement of Order Denying Motion.
    The court having granted defendant's motion for a new trial, made on the minutes on all the grounds stated in Code Civ. Proc. § 999, and this having been reversed, and judgment directed to be entered on the verdict, defendant cannot thereafter have a settlement of an order denying his motion for a new trial on the grounds that the verdict was contrary to the evidence and the law,—grounds embraced in section 999.

Appeal from special term, Kings county.

Action by Mary E. Sidmonds against the Brooklyn Heights Railroad Company. From an order denying defendant's motion for a settlement of an order denying his motion for new trial on the grounds that the verdict was contrary to the evidence and the law, it appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

I. R. Oeland, for appellant.

Henry Escher, Jr. (George F. Elliott, on the brief), for respondent.

PER CURIAM. This is an action for personal damages alleged to have been sustained by the plaintiff by reason of the negligence

78 N.Y.S.—9

of the defendant. Upon the trial of the action the jury brought in a verdict for the plaintiff. The defendant moved at the close of the trial for a new trial upon all of the grounds stated in section 999 of the Code of Civil Procedure, and this motion was granted, unless the plaintiff should consent to a reduction of the amount of the verdict. The plaintiff refused to accept the reduced verdict, and on appeal coming to this court the order setting aside the verdict and granting a new trial was reversed, and judgment was directed to be entered upon the verdict. Subsequently the defendant gave notice of intention to submit a proposed order denying defendant's motion for a new trial, and, upon such motion being made, the learned court at special term denied the motion for a settlement of a proposed order, and from the order denying such motion defendant appeals to this court.

We are unable to find any precedent or any necessity for this practice. The defendant had an opportunity to move for a new trial upon the minutes, and the motion was granted upon terms. The plaintiff appealed from this order, and the defendant had a full opportunity to be heard upon the merits; and this court having reversed the order, and directed that judgment be entered upon the verdict, there was no necessity for an order denying the motion for a new trial, and there is no reason why the defendant should have a second appeal upon the same question, or one so closely related to the former that it was of necessity disposed of in the determination of the original appeal. No substantial right of the defendant is involved, and the practice, so far as we are able to discover, has always been in harmony with the contention of the plaintiff.

The order appealed from should be affirmed, with costs.